

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2005

# USA v. De La Cruz

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2534

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. De La Cruz" (2005). *2005 Decisions.* Paper 1127.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1127

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2534

UNITED STATES OF AMERICA

v.

WILFREDO DE LA CRUZ,
                                        Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 03-cr-00807)
(District Judge:  Honorable John C. Lifland)

Submitted Under Third Circuit LAR 34.1(a)
March 10, 2005

Before:  NYGAARD, McKEE and RENDELL, Circuit Judges.

(Filed May 26, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

        Wilfredo Delacruz was charged with one count of importation of more than one

kilogram of heroin, in violation of 21 U.S.C. §§ 952(a) and 960(b)(1)(A) and 18 U.S.C. §

2.  He pled guilty on November 13, 2003.  Subsequently, he was sentenced to a term of

eighty months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), requesting permission to withdraw because, after a conscientious review of the record, he is unable to find any non-frivolous issues for appeal. Delacruz was given notice of his counsel's intent to withdraw and has not filed a pro se brief. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). For the reasons stated below, we will grant counsel's motion to withdraw and affirm the District Court's judgment of sentence.

Evaluation of an Anders brief requires a two-fold inquiry: (1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous; and (2) whether an independent review of the record presents any non-frivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Where the Anders brief appears adequate on its face, our review is limited to the portions of the record identified in the brief, along with any issues raised by an appellant in a pro se brief. Id. at 301. We conclude that counsel's Anders brief is adequate and, in the absence of a pro se brief by the appellant, it will guide our independent review of the record.

I.

Counsel's brief identifies three issues as potentially non-frivolous: (1) whether the plea hearing was properly conducted; (2) whether the sentencing proceeding was properly conducted; and (3) whether the sentence imposed by the District Court was an appropriate application of the Sentencing Guidelines.

After reviewing the record, counsel has concluded that the plea hearing fully advised Delacruz of the nature of the charges against him, his legal rights, the mandatory minimum penalty and the maximum possible penalty for the offense, and the consequences of his entering a guilty plea. As part of his plea agreement, Delacruz stipulated that he knowingly and voluntarily waived "the right to file any appeal . . . which challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or less than 25."

At the sentencing proceeding, the District Court made an upward adjustment to Delacruz's Offense Level for the stipulated three kilograms of heroin. The Court then capped Delacruz's Offense Level at 30 and reduced it by two levels based on the finding that he was a minor participant and three levels for his acceptance of responsibility. This amounted to an Offense Level of 25, which pursuant to Delacruz's plea agreement triggered his waiver of appeal. Pursuant to a "substantial assistance" motion by the United States under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, the District Court then departed from the mandatory minimum sentence of 120 months' imprisonment and sentenced Delacruz to a sentence of eighty months' imprisonment, which is within the applicable guideline range of seventy to eighty-seven months for an Offense Level of 25.

Accordingly, counsel has concluded that there are no non-frivolous for Delacruz to appeal. The plea and sentencing proceedings satisfied all constitutional and procedural requirements and Delacruz was competent and able to comprehend both proceedings, the

government's case against him, and the legal consequences of entering a guilty plea.

We find that counsel for Delacruz has thoroughly considered all plausible bases for appeal, including issues that Delacruz has waived by virtue of his guilty plea.[1]

II.

Our independent review of the record reveals no non-frivolous arguments that could possibly support an appeal and we are satisfied that all the requirements of <u>Anders</u> have been met. Accordingly, we will AFFIRM the judgment of the District Court and, in a separate order, GRANT counsel's motion to withdraw.

---

[1]Delacruz has challenged his sentence under the Supreme Court's recent decision in *United States v. Booker*, __ U.S. __, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005). However, Delacruz knowingly and voluntarily waived "the right to file any appeal . . . which challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or less than 25." Therefore, he cannot now attempt to take advantage of the Supreme Court's decision in *Booker*. *See United States v. Lockett*, No. 04-2244, 2005 U.S. App. LEXIS 7784, at *17 (3d Cir. May 5, 2005) ("We hold that where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which he or she waives the right to appeal, the defendant is not entitled to resentencing in light of Booker.").